UNITED STATES of America, Appellee,

v.

James Ellis CREED, Appellant.

No. 88–2863.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1989.

Decided March 2, 1990.

David B. Young, Kansas City, Mo., for appellant.

David Jones, Springfield, Mo., for appellee.

Before ARNOLD and BEAM Circuit Judges, and BRIGHT, Senior Circuit Judge.

ARNOLD, Circuit Judge.

James Ellis Creed was charged with escape from federal custody by failing to return from an authorized furlough, in violation of 18 U.S.C. §§ 751 and 4082(d). He pleaded guilty, and the District Court[1] sentenced him to serve 27 months in prison, to a term of two years on supervised release, and to pay a special assessment of $50.00 to the United States. The sentence was made consecutive to a sentence that Creed was already serving for forgery. He appeals, arguing (1) that the sentence was greater than necessary to fulfill the congressionally prescribed purposes of the

---

1. The Honorable Russell G. Clark, United States District Judge for the Western District of Mis-souri.

criminal law, see 18 U.S.C. § 3553(a); (2) that the District Court erroneously believed that it was required by law to impose a consecutive sentence, and therefore failed to consider a concurrent sentence; and (3) that he was deprived of the effective assistance of counsel. We affirm.

## I.

Creed is an alcoholic with a history of nonviolent crimes. In 1986, the District Court sentenced him to two years' imprisonment for forging an endorsement on a United States Treasury check. The Court recommended that the Bureau of Prisons consider placing Creed in an alcohol-treatment program. This recommendation was not binding, and Creed was not in fact given such treatment. Whether the Bureau of Prisons actually considered placing him in a treatment program, we do not know.

In 1988, Creed was given a three-day furlough to visit a friend in Ozark, Missouri. While on furlough, he started drinking. He did not return to custody on time. On July 20, 1988, 18 days after the furlough had begun, Creed got in touch with the United States Marshals Service, and it arranged a time and place for him to surrender, but he never showed up. Three days after that, Marshals found Creed near Ozark and took him into custody.

As noted above, Creed then pleaded guilty to a charge of escaping from custody by willfully failing to return after his authorized furlough. Under the Sentencing Guidelines, he was subject to a sentencing range from 27 to 33 months. His counsel, an Assistant Federal Public Defender, urged the Court to consider mitigating factors that, it was argued, would warrant a downward departure. These factors boiled down to one word: alcoholism. In Creed's view, all of his problems were due to alcoholism, and they were someone else's fault. He blamed the Bureau of Prisons for not giving him treatment, and argued that if he had received treatment he would not have committed any further crimes.

After a sentencing hearing, the District Court sentenced Creed to a term of 27 months, to run consecutive to the sentence he was already serving, followed by a period of two years of supervised release. A special assessment of $50.00 was also imposed.

## II.

Creed first argues that the sentence was imposed in violation of statute.[2] He points out that 18 U.S.C. § 3553(a)(2) establishes four objectives for sentencing: to provide a just punishment, to provide adequate deterrence, to protect the public, and to treat or rehabilitate the defendant. The statute requires courts to "impose a sentence sufficient, but not greater than necessary," to achieve these goals. 18 U.S.C. § 3553(a). A sentence of 27 months, Creed argues, is unconscionably excessive and much greater than necessary to achieve the goals set out by Congress. His escape, he says, was solely the result of alcoholism, and a sentence of six to 12 months would be an adequate punishment. Creed makes a number of related arguments based on various provisions of the Sentencing Reform Act, but they are all variations on this theme.

The argument has a number of flaws, both legal and factual. In the first place, the Guidelines expressly provide that alcohol abuse is not a reason for a downward departure. U.S.S.G. § 5H1.4 (policy statement). This provision is neither unreasonable nor arbitrary. It simply reflects the view of the Sentencing Commission that most people are responsible for their own acts. Possibly the Bureau of Prisons ought to have put Creed into a treatment program, but the Court's recommendation that it do so was not binding, and its failure to do so does not provide Creed with a legal defense. He does not argue that he was so intoxicated as to make it impossible

---

2. This is a question of law which we have jurisdiction to decide on appeal under 18 U.S.C. § 3742(e)(1).

for him to form the requisite mental state to commit the crime alleged. In addition, although Creed asserts several times that his escape, and his failure to surrender earlier, were both due to alcoholism, there is absolutely no evidence to support this assertion. We cannot agree that the sentence imposed was so excessive as to violate the Sentencing Reform Act. In addition, under 18 U.S.C. § 3553(b), another part of the statute on which Creed mainly relies, sentences must be within the Guidelines unless the court finds some aggravating or mitigating circumstance that the Commission did not adequately consider in framing the Guidelines. We see no basis, at least on this record, for finding that the Commission did not adequately consider the arguably mitigating circumstance of alcoholism. Nor has Creed presented any individualized evidence that might justify a departure in his case.

■ Creed also claims that the District Court committed an error of law when it made his sentence consecutive. Under 18 U.S.C. § 3584(a), sentences, in general, may run either concurrently with or consecutively to unexpired terms of imprisonment for other charges. The Presentence Report advised the Court that under § 5G1.3 of the Guidelines, a sentence for the offense of escape must be consecutive to the unexpired sentence the defendant was serving. This, Creed argues, was erroneous as a matter of law. Under the statute, he says, the court always retains discretion to make a sentence concurrent, and any Guideline purporting to make a consecutive sentence mandatory is contrary to statute. This argument was not made in the District Court, and we therefore do not reach it here. Moreover, even if the argument had been made in the District Court, and even if the Court had agreed with it, it would likely have done Creed no good whatever. The District Court from which this appeal is taken, like most courts, has a normal practice of imposing consecutive sentences for escape and related offenses. Any other policy would make these crimes punishment-free. There is no reason to believe that the District Court, even had it been confronted with and upheld the statutory argument Creed now makes, would have imposed a concurrent sentence.

■ Finally, Creed claims that his counsel was ineffective, mostly because certain cases that appellate counsel believes are relevant were not cited to the District Court. Appellate counsel, appointed by this Court, makes this argument "[a]t the particular instance of Mr. Creed...." Brief for Appellant 32. We believe that counsel, in bringing the argument forward on appeal, has only done his duty, but we are nevertheless confident that the argument is quite without substance. Trial counsel made, in substance, the same argument under the Sentencing Reform Act that appellate counsel makes to us. It could have been made more elaborately, and additional cases could have been cited, but the performance of trial counsel was entirely adequate, and there is no reasonable likelihood that a different result would have come about had trial counsel done the things that Creed now urges upon us as essential. We therefore reject on its merits the claim of ineffective assistance of counsel.

Having carefully reviewed all of Creed's arguments in the context of the entire record, including the Presentence Report, we conclude that the sentence must be affirmed.

We are grateful to appointed counsel for his diligent service on appeal.

Affirmed.

BRIGHT, Senior Circuit Judge, dissenting in part and concurring in part.

I dissent with respect to the majority's treatment of the consecutive nature of Creed's sentence. The presentence report advised the district court that Guidelines § 5G1.3 required Creed's sentence for escape to run consecutively with the unexpired portion of his previous sentence. Section 5G1.3, however, directly conflicts with the language of 18 U.S.C. § 3584(a) (1988) giving district courts discretion to impose concurrent or consecutive sentences. In my view, the Guidelines simply cannot take precedence over the plain lan-

guage of the statute. *United States v. Wills,* 881 F.2d 823, 825–26 (9th Cir.1989). *But see United States v. Fossett,* 881 F.2d 976, 980 (11th Cir.1989).

In the absence of any indication in the record to the contrary, we must assume that the district court relied upon the incorrect statement of the law contained in the presentence report.[1] Accordingly, I would remand for resentencing in light of section 3584(a).

---

1. This aspect of sentencing is fundamental and we can review it for plain error. Fed.R.Crim.P. 52(b).