**UNITED STATES of America,
Appellant,**

v.

**James McFrancis CRUMB,
Jr., Appellee.**

No. 89–1925.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 15, 1989.

Decided May 9, 1990.

Linda R. Reade, Des Moines, Iowa, for appellant.

Timothy McCarthy, II, Des Moines, Iowa, for appellee.

Before WOLLMAN, Circuit Judge, and HEANEY, Senior Circuit Judge, and WEBB,[*] District Judge.

WOLLMAN, Circuit Judge.

The United States appeals the district court's [1] downward departure from the applicable United States Sentencing Guidelines (Guidelines) range in sentencing James McFrancis Crumb, Jr. for failure to report for service of sentence. We affirm.

I.

In March 1987, a jury convicted Crumb of fifteen counts of credit card fraud in violation of 18 U.S.C. § 1344. The district court [2] that tried Crumb imposed a sentence of probation. After Crumb violated state law, the district court revoked Crumb's probation and ordered him to surrender for service of sentence on a date in April 1988. The court later twice extended the date. Crumb, however, failed to report to the Federal Correctional Institution at Sandstone, Minnesota, on time. A warrant was issued for his arrest, and the United States Marshals Office attempted to find him. Nine days after his due date, and before the marshals could apprehend him, Crumb presented himself at the correctional facility.

Crumb pleaded guilty to failing to surrender for service of sentence, in violation of 18 U.S.C. § 3146(a)(2). In its presentence report, the probation office recommended a two-point reduction in Crumb's offense level for acceptance of responsibility because Crumb had turned himself in and pleaded guilty. With a criminal history category of VI and an adjusted offense level of ten, the Guidelines imprisonment range was twenty-four to thirty months. The probation office noted that although Crumb's voluntary surrender only nine days late might normally warrant a downward departure from the Guidelines, it chose not to recommend a departure be-

[*] The HONORABLE RODNEY S. WEBB, United States District Judge for the District of North Dakota, sitting by designation.

[1]. The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

[2]. The Honorable William C. Stuart, United States District Judge for the Southern District of Iowa.

cause of Crumb's criminal history. Crumb nevertheless moved for a downward departure at the sentencing hearing.

The district court granted a two-point adjustment for acceptance of responsibility and departed downward from the Guidelines range, imposing a sentence of fifteen months, to be served consecutively to the sentence for credit card fraud.

## II.

The government asserts that the district court erred in departing downward from the Guidelines range for Crumb's self-surrender because the court had already taken this factor into account when it adjusted Crumb's offense level for acceptance of responsibility.

District courts may depart from the Guidelines when "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b); Guidelines § 5K2.0. The court may also depart, "even though the reason for departure is listed elsewhere in the guidelines ... if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate." Guidelines § 5K2.0.

■ Our review of a district court's departure from the Guidelines is governed by 18 U.S.C. § 3742(e)(3). We determine whether a sentence imposed outside of the applicable Guidelines range is unreasonable, considering the factors the Guidelines establish for imposing sentences and the court's reasons for imposing the sentence in question.

The First Circuit has formulated a three-step analysis to be followed in implementing section 3742's standard of review. *United States v. Diaz–Villafane*, 874 F.2d 43, 49–50 (1st Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989). Under the first step, a reviewing court considers, as a question of law, whether the circumstances the district court relied on for departure are sufficiently unusual in kind or degree to warrant departure. *Id.*

Second, the court considers, as a question of fact under a clearly erroneous standard of review, whether the circumstances justifying departure actually exist. *Id.* Finally, if the sentence passes the first two tests, the court determines if the sentence is reasonable. In making this determination, the reviewing court gives due regard to the district court's "superior 'feel' for the case" and does not lightly disturb the district court's decision to depart or the degree of departure. *Id.* at 49–50.

The First Circuit has recently made clear that it will apply the three-part test to downward as well as upward departures. *United States v. Williams*, 891 F.2d 962 (1st Cir.1989). The Fourth Circuit has also applied similar standards in reviewing a downward departure. *United States v. Summers*, 893 F.2d 63 (4th Cir.1990) (evaluating reasonableness of departure as encompassing legal reasonability, factual reasonability, and reasonability of the degree and extent of departure).

We recently utilized the *Diaz–Villafane* analysis in reviewing upward departures. *United States v. Snover*, 900 F.2d 1207 (8th Cir.1990). In *United States v. Yellow Earrings*, 891 F.2d 650 (8th Cir.1989), we evaluated the appropriateness of the district court's departure by utilizing essentially the same steps called for in *Diaz–Villafane*.

■ Turning to the facts before us, we note that the district court determined that Crumb's surrender contained mitigating circumstances not adequately accounted for in Guidelines § 2J1.6. That section makes no allowance for the voluntariness of surrender nor for the widely varying time lapses possible between the time at which a defendant first fails to appear and when he actually does appear. The only offense characteristic section 2J1.6 takes into account is the sentence length of the underlying offense for which the defendant failed to appear. Because the commentary to section 2J1.6 does not refer to any other offense characteristics, we agree that Crumb's voluntary surrender a little more than a week after his failure to appear for service of his sentence is a circumstance

not taken into account by the Guidelines. Because nothing in the Guidelines forbids the district court from considering the voluntariness of a defendant's surrender or the length of a defendant's delay in surrendering, the district court was free to consider these facts as mitigating circumstances. *See* United States Sentencing Commission, *Guidelines Manual* 1.6 (Nov. 1, 1989); *United States v. Savage*, 888 F.2d 528, 529 (7th Cir.1989).

We also find that the circumstances of Crumb's case are sufficiently significant to warrant departure. Although the government asserts that Crumb's surrender was not truly voluntary because there was a warrant out for his arrest, we see a meaningful difference between the defendant who voluntarily surrenders himself, albeit knowing that government authorities are searching for him, and the defendant who continues to elude authorities until he is caught, possibly requiring the prolonged involvement of government agents and expenditure of government resources to locate him. For the same reason, the relatively short duration of a defendant's delinquency in surrendering warrants departure.

Because the government and Crumb do not dispute the factual accuracy of these circumstances, we find that the second step of our inquiry, the existence of the circumstances, is met.

Finally, we consider the reasonableness of the departure. The government contends that the district court's sentence of fifteen months, nine months below the twenty-four month minimum of the applicable Guidelines range, is unreasonable. We conclude that the government is splitting hairs. If either element of Crumb's special circumstances were missing—if Crumb had not voluntarily surrendered, even though only nine days after his due date, or if Crumb had voluntarily surrendered many weeks or months after his due date—we would view the extent, and possibly the appropriateness, of the departure differently. On these facts, however, we note that Crumb will serve more than one months' imprisonment for each day he was late, no

small price to pay for his misconduct. The sentence meets the purposes of the Guidelines by reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, and affording a deterrent to criminal conduct. 18 U.S.C. § 3553(a)(2). We therefore find the extent of the district court's departure to be reasonable.

The government contends that the departure was inappropriate because the district court took the same mitigating circumstances into account when it adjusted Crumb's offense level for accepting responsibility. The district court addressed this issue at the sentencing hearing by pointing to factors beyond Crumb's voluntary surrender that justified a downward departure as well as an acceptance of responsibility adjustment. The court stated that although recognition of a defendant's acceptance of responsibility may account for the difference between a defendant who voluntarily reports to an institution and a defendant who is caught, it does not account for the difference between a defendant who turns himself in after a short period of time and one who voluntarily reports after a considerable period of time. According to the district court, a self-reporting defendant may be entitled to one benefit and not the other:

> [A] person who self-reported nine days late and then contended that it was therefore not a violation, refused to accept responsibility, required a trial on that issue, might well not get the two-point [acceptance of responsibility] credit; whereas someone who was out for nine years and then reported voluntarily and then showed true contrition and ... cooperated fully might well get the two points.

Under this reasoning, a defendant who voluntarily reports after a long period of time would not likely have the benefit of a downward departure. We find that this explanation provides an adequate reason for the district court's decision to both adjust Crumb's offense level and to depart downward.

Finding no error in the district court's sentence, we affirm.