**UNITED STATES of America, Appellant,**

v.

**Karen Jane WHITEHORSE, Appellee.**

No. 89–5507.

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1990.

Decided July 19, 1990.

Lynn C. Jordheim, Bismarck, N.D., for appellant.

Rodney K. Feldner, Mandan, N.D., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BOWMAN, Circuit Judge.

Karen Jane Whitehorse failed to return as scheduled from a furlough she was granted while serving a sentence on a federal felony conviction. She pleaded guilty to escape, 18 U.S.C. § 751(a) (1988), and the District Court[1] sentenced her to a prison term of four months, to be served concurrently with her sentence on the previous conviction. The government appeals the court's downward departure from the United States Sentencing Guidelines. We affirm.

Whitehorse was convicted in December 1987 in the District Court of South Dakota on a charge of assault with a dangerous weapon resulting in serious bodily injury. At the time of the offense at issue here, she was incarcerated at the Stutsman County Correctional Center in Jamestown, North Dakota, serving the three-year sentence on the assault conviction. On March 19, 1989, she began a seven-day furlough, which she had requested in order to visit relatives in Rapid City, South Dakota.

Whitehorse reached Huron, South Dakota, but traveled no further. Instead she remained in Huron and became intoxicated, evidently remaining in that condition throughout the week-long furlough. She did not have enough cash to purchase a bus ticket to return to Jamestown on March 25, 1989, as the terms of her furlough required, but telephoned officials at the correctional facility and advised them of her situation. The Bureau of Prisons extended the furlough until 2 a.m. on March 27, 1989. Still without money to buy a bus ticket, she failed to appear, was placed on escape status, and was arrested by Huron police on March 27.

Whitehorse pleaded guilty to a charge of escape in violation of 18 U.S.C. § 751(a). Although there was no plea agreement, the government indicated it would not oppose a defense request for leniency. Under the guidelines, the base offense level for escape is thirteen. United States Sentencing Commission, *Guidelines Manual*, § 2P1.1(a)(1) & App. C, amend. 200. The District Court determined that Whitehorse was entitled to a two-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a), and that her background placed her in criminal history category III. Thus the guidelines range for Whitehorse's escape offense was twelve to eighteen months and, since the offense was committed while she was incarcerated, the guidelines required she serve the escape sentence after completing the assault sentence. U.S.S.G. § 5G1.3 App. C, amend. 289. Departing from the guidelines, the District Court imposed a four-month sentence, to be served concurrently with the sentence on the assault charge. The court also required Whitehorse, as special conditions of three years of supervised release, to enter a residential treatment facility, to enroll in a substance abuse program, and to perform 200 hours of community service. The effect of the sentence was that, because of the time remaining to be served on the assault conviction, Whitehorse would serve no additional time for the escape conviction.[2] The government argues that the four-month concurrent sentence constituted an improper double departure from the guidelines.

A district court has statutory authority to depart from the guidelines in fixing a sentence if it "finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence

1. The Honorable Patrick A. Conmy, Chief Judge, United States District Court for the District of North Dakota.

2. Whitehorse has been released from prison, has spent time in an alcohol treatment program and a halfway house, and at the time of oral argument was at liberty completing her three years of supervised release. The government is asking us to vacate the District Court's sentence and order the court to sentence her to a twelve-month consecutive sentence, that is, send her back to prison.

different from that described." 18 U.S.C. § 3553(b) (1988); *see also United States v. Evidente*, 894 F.2d 1000, 1003 (8th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990); *United States v. Brittman*, 872 F.2d 827, 828 (8th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 184, 107 L.Ed.2d 140 (1989); U.S.S.G. Ch. 1, Pt. A, intro. 4(b), p.s.; § 5K2.0, p.s. The court must look only to the guidelines and the Commission's policy statements and commentary to determine if the Commission adequately considered such a circumstance. 18 U.S.C. § 3553(b). The District Court found mitigating circumstances in Whitehorse's case that were not adequately considered by the Commission, including the prison officials' ill-advised decision to release Whitehorse on unsupervised furlough despite her alcohol addiction; the nature of her "escape" as compared with, for example, a jailbreak followed by deliberate and furtive efforts to avoid discovery and recapture; the compelling need for effective treatment of Whitehorse's alcoholism; and the administrative loss of two months of good time Whitehorse had accumulated on the assault sentence she was serving at the time of the furlough.

■ In our recent review of cases where the District Court departed on the basis of inadequately considered mitigating or aggravating circumstances, the Eighth Circuit has applied the three-part analysis proposed by the First Circuit in *United States v. Diaz–Villafane*, 874 F.2d 43, 49–50 (1st Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989). *United States v. Crumb*, 902 F.2d 1337, 1339 (8th Cir. 1990) (downward departure); *United States v. Snover*, 900 F.2d 1207, 1210–11 (8th Cir.1990) (upward departure). In step one, we review whether or not the facts of the case present mitigating or aggravating circumstances not adequately considered by the Commission, thus warranting departure on that basis. "[W]hether or not circumstances are of a kind or degree that they may appropriately be relied upon to justify departure is, we think, a question of law." *Diaz–Villafane*, 874 F.2d at 49. Thus we review the conclusion that such circumstances are present (or not) *de novo*.

*See* 18 U.S.C. § 3742(e)(1), (f)(1) (1988). Next, we review the record to determine if those circumstances have a basis in fact, overturning the district court's findings only if they are clearly erroneous. *See* 18 U.S.C. § 3742(e) (1988). Finally, having determined that the circumstances warrant departure and in fact that they do exist, we review the actual sentence imposed for reasonableness. "In making this determination, the reviewing court gives due regard to the district court's 'superior "feel"' for the case' and does not lightly disturb the district court's decision to depart or the degree of departure." *Crumb*, 902 F.2d at 1339 (quoting *Diaz–Villafane*, 874 F.2d at 49–50); *see also* 18 U.S.C. § 3742(e)(3).

Because the material facts are not in dispute in this case, our review consists of a two-step analysis: plenary review of whether, given the facts and applicable guidelines statements, there exist mitigating circumstances inadequately considered by the guidelines that warrant departure; and review of the four-month concurrent sentence imposed for abuse of discretion on the part of the District Court.

■ The government contends that the District Court departed here because Whitehorse was an alcoholic and because the court did not want to place her in the custody of the Bureau of Prisons. The government argues, quite correctly, that these are improper reasons for downward departure from the sentencing guidelines. We disagree, however, with the government's interpretation of the court's comments during sentencing. The factors to which the government objects were mentioned but were not relied upon by the court in departing downward. On the record, the court stated, "[T]he factual situation present here is one not adequately addressed by the Guidelines," Transcript at 21, and as we read the sentencing transcript the court departed because of the unique circumstances of Whitehorse's case considered *in toto*, and not for any improper reasons.

It is uncontested that Whitehorse is a chronic alcoholic and that prison officials

were aware that whatever treatment she may have been receiving in the correctional facility had not been successful in assisting her to deal with her addiction. Notwithstanding that knowledge, the Bureau of Prisons released her on unsupervised furlough, "one preordained virtually to failure and to result in the charge being brought." Transcript at 21. As it turned out, Whitehorse did go on an alcoholic binge, "openly and visibly intoxicated until her arrest." *Id.* If prison officials were somehow so naive that they were unable to foresee the outcome of Whitehorse's furlough, they certainly were aware of the problem when Whitehorse telephoned them from Huron. Rather than make some effort to assist her, they simply gave her additional time to consume alcohol and then had her arrested.

■ There is a guidelines policy statement that "alcohol abuse is not a reason for imposing a sentence below the guidelines." U.S.S.G. § 5H1.4, p.s. We have no reason to believe, however, that the court was unaware of that statement or ignored its admonition when departing from the guidelines. The court did not depart because Whitehorse was an alcohol abuser or because she was intoxicated during the furlough. As we read the transcript of Whitehorse's sentencing hearing, the court found that the officials charged with Whitehorse's custody and care knew of her addiction and irresponsibly released her into a situation they knew, or should have known, she would be unable to handle, that is, unsupervised release following unsuccessful alcohol abuse treatment. Although Whitehorse pleaded guilty to escape, the court concluded that the facts did not support the imposition of a lengthy sentence in addition to the one she already was serving. Congress, in an effort to provide guidance to district courts in applying the guidelines, has stated that sentencing courts should consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1) (1988). The court did so here and it decided to depart downward.

We agree with the District Court that the circumstances of this case present mitigating factors that were not adequately considered by the Commission, and we are satisfied the court did not abuse its discretion in departing from the guidelines.

The government insists that this Court's opinion in *United States v. Creed,* 897 F.2d 963 (8th Cir.1990), mandates reversal. We disagree. In *Creed,* appellant was the defendant and was complaining of the district court's failure to consider mitigating factors not adequately considered by the guidelines that, in his view, warranted a downward departure from the guidelines sentence. We found that those "factors boiled down to one word: alcoholism," and, in affirming, relied on the guidelines policy statement that rules out substance abuse as a basis for departing downward.[3] *Creed,* 897 F.2d at 964. *Creed* therefore is distinguishable from the case before us. As we have explained, the court here did not depart because of Whitehorse's alcohol abuse, but because of the totality of the circumstances of this unusual case.

The government contends that the District Court departed downward from the guidelines "because the court did not wish to place Whitehorse in the custody of the Bureau of Prisons." Appellant's Brief at 8. The court did in fact say that it did "not want the Bureau of Prisons to control" Whitehorse during her treatment for alcohol addiction, but instead wanted her supervised by a United States probation officer during that period. Transcript at 23. The court observed that the alcohol abuse treatment Whitehorse had received in prison had failed, and believed that she would be better served "in an alcoholism-treatment facility where she can be exposed to some daily risk, some daily temptation, some daily danger, and overcome that." *Id.* It is hardly an abuse of discretion for the court to implement, by way of sentencing, its desire to see Whitehorse successfully treated for a substance abuse problem, instead of consigning her to an agency whose attempts at treating her addiction have been

---

3. The Eighth Circuit has held, in any event, that a court's exercise of its discretion not to depart from the guidelines is nonreviewable. *United States v. Evidente,* 894 F.2d 1000, 1004 (8th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990).

unavailing.[4] We find the court's decision especially appropriate given one of the statutory purposes of the guidelines: "The court shall impose a sentence sufficient, *but not greater than necessary*, ... to provide. the defendant with needed educational or vocational training, medical care, or other correctional treatment *in the most effective manner ....*" 18 U.S.C. § 3553(a)(2)(D) (1988) (emphasis added).

The government challenges the District Court's imposition of a concurrent rather than a consecutive sentence, thus guaranteeing that Whitehorse would serve no additional time for the escape. The guidelines call for a consecutive sentence in this case, so that imposing a concurrent sentence is a departure. The guideline in effect at the. time of Whitehorse's escape provided that "[i]f at the time of sentencing, the defendant is already serving one or more unexpired sentences, then the sentences for the instant offense(s) shall run consecutively to such unexpired sentences." U.S.S.G. § 5G1.3 App. C, amend. 289. The commentary to the section advises, "Departure would be warranted when independent prosecutions produce anomalous results that circumvent or defeat the intent of the guidelines." *Id.* comment. We believe that it was clearly within the District Court's discretion to find, for the reasons discussed, that one or more purposes of the guidelines would be ill-served by sentencing Whitehorse to prison time beyond that already mandated by the assault charge, and that departure therefore was appropriate.[5]

■ Finally, the government argues that the court improperly used the two months of good time that Whitehorse lost because of her escape conviction to justify departure from the Sentencing Guidelines. This argument is not persuasive. The court stated that the sentence was "a recognition of the two months loss of good time," Transcript at 21, that is, another mitigating factor inadequately considered by the guidelines and thus a reason for downward departure. The government contends that surely the Sentencing Commission considered the administrative loss of accumulated good time to those prisoners who commit crimes while incarcerated. The government, however, directs our attention to no provision, policy statement, or commentary in the guidelines that addresses the issue. *See* 18 U.S.C. § 3553(b). We hold that the District Court did not err in considering the loss of good time as one of the aggregate of mitigating factors justifying a downward departure in this case.

We conclude that the totality of the mitigating factors considered by the District Court warranted a downward departure, and that in these circumstances the sentence imposed by the court fully meets the test of reasonableness. Finding neither error of law nor abuse of discretion, we affirm the sentence.

---

4. We observe that the Bureau's occasional unresponsiveness in providing treatment for alcohol abuse has not gone unnoticed by this Court. *See, e.g., United States v. Creed,* 897 F.2d 963, 964 (8th Cir.1990) (noting the Bureau's failure to place an alcoholic prisoner into a treatment program, in spite of the district court's recommendation—albeit not binding—that it do so).

5. 18 U.S.C. § 3584(a) (1988) gives even broader discretion to the sentencing judge on the concurrent/consecutive issue: "[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively...." Because of our holding that departure was warranted under the guidelines, we do not reach the issue whether the statute supersedes the guidelines.