981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Myles MURPHY, Defendant-Appellant.
 No. 91-50693.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1992.
Decided Dec. 15, 1992.
As Amended Dec. 23, 1992.
 
 Before ALDISERT,* CANBY and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Richard Myles Murphy was convicted by a jury of bank robbery, in violation of 18 U.S.C. § 2113(a), and sentenced to 168 months in custody, three years of supervised release with special conditions, $125 restitution and $50 special assessment. Murphy appeals his sentence claiming the district court misunderstood its discretion to depart downward and to consider certain mitigating circumstances, imposed a sentence in violation of the eighth amendment, and improperly determined that Murphy was a "career offender." We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.
 
 DISCUSSION
 1. Downward Departure
 
 3
 A district court does not have the affirmative obligation to state that it has authority to depart from the guidelines range. United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991). It is not necessary for a district court to state "I recognize that I have authority to depart, but I decline to do so in the exercise of my discretion." Id. When judgment is rendered in the face of a request for a downward departure, it is "assume[d] that the district court knows and applies the law correctly, realizes that it does have authority to depart, but concludes that it would be inappropriate to do so on the facts of the particular case." Id.
 
 
 4
 It is clear from the dialogue between the district court and Murphy's counsel at the sentencing hearing that the district court understood it had the authority to depart downward and exercised its discretion not to do so. See Appellee's Supplementary Excerpt of Record ("ASER") 7:3-5, 7:6-16, 8:15-25, 9:3-8, 9:12-16, 10:7-15, 10:17-22, 14:18-21. "[T]he district court's discretionary decision not to depart downward from the guidelines is not subject to review on appeal." United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990).
 
 2. Mitigating Circumstances
 
 5
 Murphy argues the district court failed to consider certain mitigating circumstances in its decision not to depart downward. These circumstances were alleged negligence on the part of prison officials for releasing Murphy without supervision, alleged prison official failure to provide adequate treatment for chemical dependence during Murphy's incarceration, and Murphy's alleged diminished capacity at the time of the bank robbery.
 
 
 6
 The district court was fully aware of Murphy's history and difficulties with alcohol and drugs. At the sentencing hearing, the court stated: "The court has read and considered the Presentence Report. In addition to that, [Murphy's attorney] has filed a statement in mitigation of sentence to which he has added quite a few things, and the court has read and considered that." ASER 3:3-7. These documents contain extensive information as to Murphy's use of alcohol and drugs and his unsupervised release from prison. After considering these facts, the district court exercised its discretion and decided not to depart downward.
 
 
 7
 The Eighth Circuit case of United States v. Whitehorse, 909 F.2d 316 (8th Cir.1990) is inapposite. There, the district court exercised its discretion, departed downward and the Eighth Circuit affirmed. Here, the district court exercised its discretion and decided not to depart downward. Its discretionary decision not to depart downward is unreviewable. Morales, 898 F.2d at 103.
 
 
 8
 Nor did the district court err in refusing to depart downward under Sentencing Guidelines § 5K2.13 for Murphy's alleged diminished capacity at the time of the robbery. The policy statement for section 5K2.13 provides that a lower sentence may be warranted when a defendant commits "a non-violent offense while suffering from reduced mental capacity not resulting from voluntary use of drugs or other intoxicants...." (emphasis added). U.S.S.G. § 5K2.13.
 
 
 9
 Under U.S.S.G. § 4B1.2, bank robbery is a violent offense (see discussion infra part 4). In addition, despite Murphy's challenge as to the "voluntariness" of his alcohol and drug ingestion during the three-day binge which culminated in the bank robbery, Murphy's first ingestion of alcohol and drugs, at the beginning of the binge, was voluntary after a lengthy "clean" period in federal prison. See United States v. Borrayo, 898 F.2d 91 (9th Cir.1989) (departure from recommended federal guideline sentence for attempted unarmed bank robbery was not appropriate based upon defendant's alleged partial diminished capacity due to alcohol abuse, where offense was not nonviolent, departure required significantly reduced mental capacity, and defendant's partial diminished capacity was caused by his alcohol abuse).
 
 3. Eighth Amendment
 
 10
 Murphy contends that the district court violated the eighth amendment's prohibition against cruel and unusual punishment when it sentenced him to imprisonment in a facility with allegedly inadequate substance abuse medical treatment. We reject this argument. The district court does not have authority to assign a convicted defendant to a particular prison facility, nor did the court do so in this case. That authority is vested in the Bureau of Prisons. See 18 U.S.C. § 3621.
 
 4. Career Offender
 
 11
 A district court's factual findings in the sentencing phase are reviewed for clear error. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 A defendant is a career offender if
 
 12
 (1) the defendant was at least eighteen years old at the time of the instant offense,
 
 
 13
 (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and
 
 
 14
 (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
 
 
 15
 U.S.S.G. § 4B1.1.
 
 
 16
 Murphy disputes the second element. He contends the instant offense was not a crime of violence. We disagree.
 
 A crime of violence is defined as:
 
 17
 any offense under federal or state law punishable by imprisonment for a term exceeding one year that--(i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary of a dwelling, arson or extortion, involves use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another.
 
 
 18
 U.S.S.G. 4B1.2 (emphasis added).
 
 
 19
 Commentary Note 2 to U.S.S.G. § 4B1.2 lists "robbery" as a "crime of violence." Moreover, Murphy accomplished his bank robbery by handing the bank teller a threatening note which read: "Pull from your side drawer all your $100s, $500s, $20s, $10s. No dye packs or funny money. Please cooperate and no one will get hurt." Cf. United States v. Sanchez, 933 F.2d 742, 747 (9th Cir.1991).
 
 
 20
 The district court's finding that the bank robbery was a "crime of violence" is not clearly erroneous.
 
 
 21
 AFFIRMED.
 
 
 
 *
 Hon. Ruggero J. Aldisert, United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3