56 F.3d 69
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Lindsley Charles FRENETTE, Appellant.
 No. 94-3192.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 11, 1995.
Filed: May 17, 1995.
 
 Before FAGG, MAGILL, AND BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lindsley Charles Frenette appeals the sentence imposed by the district court[1] after he pleaded guilty to conspiring to distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. We affirm.
 
 
 2
 Attributing 72.4 grams of methamphetamine to Frenette and applying U.S.S.G. Sec. 2D1.1, the presentence report (PSR) calculated a base offense level of 22; the PSR also indicated a criminal history category of V. At sentencing, the court found Frenette's criminal history category was accurately calculated but, pursuant to U.S.S.G. Sec. 4A1.3, placed him in category III to better represent the seriousness of his criminal history; this resulted in a Guidelines range of 37 to 46 months. Frenette did not object to the government's discretionary decision not to move for a substantial-assistance departure under U.S.S.G. Sec. 5K1.1. He suggested, however, he had done "a number of things" which merited a sentence at the bottom of the Guidelines range. The court sentenced him to 40 months imprisonment and 4 years supervised release.
 
 
 3
 Frenette now argues that the government arbitrarily and in bad faith refused to move for the departure. We need not review this claim which Frenette failed to present to the district court. See United States v. Oransky, 908 F.2d 307, 309 (8th Cir. 1990). Frenette also complains that he did not receive a U.S.S.G. Sec. 5K2.0 departure, but he did not raise this issue before the district court either. See United States v. Favara, 987 F.2d 538, 540 (8th Cir. 1993) (this court will not address claim-raised for first time on appeal-that district court could have departed under Sec. 5K2.0 based upon defendant's substantial assistance). Regardless, " 'cooperation with the [government] simply cannot be sufficiently extraordinary to warrant a departure under Sec. 5K2.0....' " United States v. Baker, 4 F.3d 622, 624 (8th Cir. 1993) (quoted citation omitted).
 
 
 4
 As to Frenette's argument that the district court erred in not further reducing his criminal history category, we conclude the extent of the district court's section 4A1.3 departure is not reviewable. See United States v. Hazel, 928 F.2d 420, 422-23 (D.C. Cir. 1991); cf. United States v. Hall, 7 F.3d 1394, 1396 (8th Cir. 1993) (finding no relevant distinction between Sec. 5K2.0 and Sec. 4A1.3 departures, and thus concluding discretionary refusals to depart under Sec. 4A1.3 are nonreviewable); United States v. Left Hand Bull, 901 F.2d 647, 650 (8th Cir. 1990) (because discretionary refusal to depart under Sec. 5K2.0 is not reviewable, extent of Sec. 5K2.10 downward departure is also not reviewable).
 
 
 5
 We reject Frenette's argument, raised for the first time on appeal, that the district court erred in calculating the base offense level on the basis of methamphetamine instead of L- methamphetamine. While the government must prove the type of methamphetamine involved, United States v. Wessels, 12 F.3d 746, 754 (8th Cir. 1993), cert. denied, 115 S. Ct. 105 (1994), the PSR clearly indicated that methamphetamine was used in calculating the base offense level, see U.S.S.G. Sec. 2D.1(c)(9). Frenette did not object to the calculation in his PSR objections or at sentencing, and thus he has waived this issue. See United States v. Deninno, 29 F.3d 572, 579-80 (10th Cir. 1994), cert. denied, 115 S. Ct. 1117 (1995).
 
 
 6
 We likewise conclude that Frenette waived any challenge to the Guidelines' probation provisions by not raising the issue below. Cf. Oransky, 908 F.2d at 309 (issue not raised at sentencing is waived). In any event, his argument that his drug addiction warrants probation is without merit. Cf. United States v. Barrett, 937 F.2d 1346, 1350 (8th Cir.) ("while Congress authorized the Sentencing Commission and the court to make probation available for some crimes ... it did not require probation to be made available"), cert. denied, 502 U.S. 916 (1991); United States v. Creed, 897 F.2d 963, 964-65 (8th Cir. 1990) (rejecting alcoholism as ground for downward departure).
 
 
 7
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota