_____

No. 95-3985
_____

United States of America,           *
                                    *
            Appellee,               *
                                    *   Appeal from the United States
      v.                            *   District Court for the
                                    *   District of Minnesota.
Cheryl Stone,                       *       [UNPUBLISHED]
                                    *
            Appellant.              *


_____

                 Submitted:  March 12, 1996

                    Filed:  March 22, 1996
                 _____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
                 _____

PER CURIAM.

     Cheryl Stone challenges the sentence imposed by the district court[1]
after she pleaded guilty to knowingly making, uttering, and possessing
forged securities, in violation of 18 U.S.C. § 513(a).              We
affirm.

     Stone's presentence report noted no factors warranting a departure
from the applicable 6-to-12 month Guidelines range.  Stone objected,
contending that a downward departure "to straight probation" was
appropriate because (1) the criminal history calculation over-represented
the seriousness of her criminal history or the likelihood that she would
commit further crimes; (2) she had displayed an extraordinary level of
acceptance of responsibility; and (3) she was under the influence of drugs
and

_____

     [1]The Honorable Richard H. Kyle, United States District Judge
for the District of Minnesota.

alcohol when she committed the offense, but was presently alcohol- and drug-free. At sentencing, Stone added that a co-defendant had received a downward departure to a 4-month term of incarceration.

The district court denied Stone's departure request and sentenced her to three years probation, a condition of which was that she reside in a community corrections center for six months. For reversal, Stone contends the district court erred in not departing downward, based on the totality of the circumstances, including the factors she presented below and her lack of dangerousness.

We first conclude that we cannot review the district court's discretionary refusal to depart--on overstated criminal-history and substantial acceptance-of-responsibility grounds--because the sentencing transcript demonstrates the district court was aware of its authority to do so. See United States v. Elkins, 16 F.3d 952, 954 (8th Cir. 1994). In any event, we note that the district court could not "depart[] below the lower limit of the guideline range for Criminal History Category I on the basis of the adequacy of criminal history." U.S.S.G. § 4A1.3, p.s.; see United States v. Franklin, 926 F.2d 734, 737 (8th Cir.), cert. denied, 502 U.S. 881 (1991).

We further conclude no error occurred in the district court's failure to grant Stone a departure based on the fact that her co-defendant had received a departure. "Disparity between sentences imposed on codefendants is not a proper basis for departure." United States v. Polanco, 53 F.3d 893, 897 (8th Cir. 1995), pet. for cert. filed, No. 95-5022 (U.S. Jun. 29, 1995). We do not address Stone's contention that her lack of dangerousness merited a departure, because she did not present this argument below. See Fritz v. United States, 995 F.2d 136, 137 (8th Cir. 1993), cert. denied, 114 S. Ct. 887 (1994). Finally, we conclude that the

factors relied upon by Stone--viewed as a whole--did not warrant a downward departure.  Cf. United States v. Whitehorse, 909 F.2d 316, 318-19 (8th Cir. 1990) (noting that discrete circumstances may converge to create situation warranting departure).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.