103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald W. PETERSEN, Defendant-Appellant.
 No. 96-30022.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 17, 1996.*
Decided Nov. 18, 1996.
 
 Before: WRIGHT, SCHROEDER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The issue is whether the district court may consider loss of good time credits and an alleged delay in prosecution by the government as bases for a downward departure from the Sentencing Guidelines.
 
 BACKGROUND:
 
 3
 While serving a 75-month sentence for assault, Petersen sent a barrage of threatening letters to two of his former professors at Washington State University. One of the two was the victim of the assault. The state Department of Corrections sanctioned Petersen with a total loss of 360 days good time credits. One month before his scheduled release the federal government charged him with two counts of mailing threatening letters. He pleaded guilty and received a 24-month sentence.
 
 
 4
 The district court held that it did not have discretion to consider his loss of good time credits and the government's alleged delay in prosecution as bases for departing from the Sentencing Guidelines.[1] Petersen appeals. This court has jurisdiction.
 
 ANALYSIS:
 
 5
 After the district court had ruled, the Supreme Court held that district courts have discretion at sentencing to consider all factors that are not categorically proscribed by the Sentencing Commission. Koon v. United States, 116 S.Ct. 2035, 2051 (1996).
 
 
 6
 [A] federal court's examination of whether a factor can ever be an appropriate basis for departure is limited to determining whether the Commission has proscribed, as a categorical matter, consideration of the factor. If the answer to the question is no--as it will be most of the time--the sentencing court must determine whether the factor, as occurring in the particular circumstances, takes the case outside the heartland of the applicable Guideline.
 
 
 7
 Id. See also United States v. Charry Cubillos, 91 F.3d 1342 (9th Cir.1996) (remanding for resentencing under Koon ).
 
 
 8
 We look to see whether the Commission has proscribed the loss of good time credits and alleged delay in prosecution as appropriate bases for sentencing departures. We find that it has not. The Guidelines do not mention loss of good time credits. United States v. Newby, 11 F.3d 1143, 1148 (3rd Cir.1993) ("[L]oss of good time credits does not appear to have been addressed by the Commission."); see also United States v. Whitehorse, 909 F.2d 316, 320 (8th Cir.1990) (court could point to no provision, policy statement, or commentary in the guidelines that addresses loss of good time credits).
 
 
 9
 The Commission has also not proscribed a delay in prosecution as a basis for departure. On the contrary, in the Introduction to the Guidelines it encouraged courts to use their departure powers to curb "inappropriate manipulation" of indictments. See U.S.S.G., Ch. 1, Pt. A, p.s. 4(a) (Nov. 1995); see also United States v. Martinez, 77 F.3d 332, 337 (9th Cir.1996) (holding that a district court may depart downward when the government's delay in filing charges has prejudiced the defendant by precluding the grouping of related offenses).
 
 
 10
 The district court has discretion to consider, under the facts and circumstances of this case, whether Petersen's loss of good time credits and the alleged delay in prosecution take his case outside the "heartland" of "typical" cases contemplated by the Commission. Koon, 116 S.Ct. at 2044-47.
 
 
 11
 We VACATE and REMAND to the district court for further consideration of sentencing consistent with the Supreme Court's opinion in United States v. Koon, 116 S.Ct. 2035 (1996).
 
 
 12
 VACATED and REMANDED.
 
 KLEINFELD, Circuit Judge, dissenting:
 
 13
 I respectfully dissent.
 
 
 14
 In my view, the district judge's conclusion, that departure was not within his discretion, should be understood as an application of guidelines law to the facts of the particular case before him. We are to give "due deference to the district court's application of the guidelines to the facts." Koon v. United States, 116 S.Ct. 2035, 2046 (1996).
 
 
 15
 As a general matter, departure on the basis of loss of good time or prosecutorial manipulation is not prohibited by the guidelines. But the district court was not deciding as a general matter. It was applying general law to a particular case. The question whether departure is permissible depends on the particular case, and should not be resolved at "a higher level of generality linked closely to questions of law." Id. at 2047.
 
 
 16
 In my view, the district judge was within his discretion in concluding that the sentencing commissioners could not have overlooked the fact that a crime like the one in this case would ordinarily result in loss of good time as well as a consecutive sentence. As the district judge said, no one with the slightest familiarity with criminal sentencing could have overlooked this.
 
 
 17
 Nor was the judge outside the bounds of his discretion in deciding that the putative prosecutorial manipulation would not be a ground for departure in this case. The guidelines provide clearly for consecutive sentencing in the circumstances of this case. U.S.S.G. § 5G1.3(a).
 
 
 18
 If the instant offense was committed while the defendant was serving a term of imprisonment ... the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
 
 
 19
 Sending threatening letters to his former professor was an entirely distinct crime from the one Petersen was doing time for, showing up at the professor's door and pointing a gun at him. The connection with the previous crime, that the prisoner was terrorizing the same man whom he had terrorized before, evidently being entirely unremorseful and undeterred by his previous sentence, would hardly be a reason to count some of his time served for the previous crime as though he were serving it for the subsequent crime. In this particular case, the worst that could be said of the prosecutorial manipulation was that the prosecutor was assuring that the criminal would get the fully consecutive sentence the guidelines prescribed in the particular circumstances.
 
 
 20
 Petersen was apparently an obsessed, remorseless man. There was no particular reason to doubt that when he got out, he would not do just what he said: "I am going to give you such a miserable death that you'll be begging to die." The district court permissibly exercised his discretion in concluding that, as applied to this particular defendant in this particular case, departure was impermissible.
 
 
 21
 Koon restricts the authority of courts of appeals to reverse district courts. I think we err in using Koon as the basis for reversal in this case.
 
 
 
 *
 The appellee was well represented on this appeal by Steven J. Larsen, a student at Gonzaga University Law School, supervised by Assistant United States Attorney Stephanie Lister-Johnson
 
 
 **
 This disposition is not appropriate for publication and may not be cited or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although the alleged delay of prosecution was not raised in Petersen's Motion To Correct the Sentence or addressed in the court's Order Denying the Motion, the court ruled from the bench that it lacked discretion to consider it