**UNITED STATES of America, Appellee,**

v.

**Brent Joseph JOHNSON, Appellant.**

No. 89–5158.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1989.

Decided Nov. 8, 1989.

C. Charles Chinquist, Fargo, N.D., for appellant.

Gary Annear, Fargo, N.D., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and BEAM, Circuit Judge.

HENLEY, Senior Circuit Judge.

Brent Joseph Johnson appeals from the sentence imposed by the district court[1] following his plea of guilty to conspiracy to possess with intent to distribute and distribute cocaine, D–Lysergic Acid Diethylamide (LSD), and psilocybin in violation of 21 U.S.C. § 846. The sole issue on appeal is whether the district court erred in calculating the base offense level under the Sentencing Guidelines. We affirm.

Johnson and Wesley Hawkins were charged in a six-count indictment with possession with intent to distribute and distribution of seven grams of cocaine (Count I); possession with intent to distribute and distribution of five hundred dosage units of LSD (Count II); possession with intent to distribute and distribution of one-half ounce of psilocybin mushrooms (Count III); possession with intent to distribute and distribution of one ounce of cocaine (Count IV); possession with intent to distribute and distribution of five thousand dosage units of LSD (Count V); and conspiracy to possess with the intent to distribute and distribute cocaine, LSD, and psilocybin mushrooms (Count VI). Johnson pleaded guilty to Count VI and the government dismissed the remaining counts.

The presentence investigation report (PSR) undertook to relate the essential facts. According to that report, on September 19, 1988 special agent Gerald Kemmet spoke with Hawkins by telephone to arrange a sale of LSD and cocaine. Johnson drove Hawkins to a motel in Wahpeton, North Dakota. In a bathroom of the motel, Hawkins offered to sell Kemmet one-eighth ounce of cocaine for $300.00 and five hundred "hits" of LSD for $1,000.00, and instructed Kemmet to drive him to a restaurant in Breckenridge, Minnesota to

1. The Honorable Rodney S. Webb, United States District Judge for the District of North Dakota.

consummate the sale. Hawkins told Kemmet that Johnson was his "connection" and would follow them to the restaurant. In a bathroom of the restaurant, Hawkins and Kemmet exchanged the drugs for $1,300.00.

On October 12, 1988 Hawkins telephoned Kemmet and offered to sell him five thousand "hits" of LSD, one ounce of cocaine, and one-fourth pound of psilocybin mushrooms. Hawkins instructed Kemmet to meet him at a motel in Fergus Falls, Minnesota. Johnson again drove Hawkins to the transaction. Hawkins and Kemmet exchanged the drugs for $17,800.00 in an undercover vehicle in the motel parking lot. After the transaction, Johnson was arrested one-half block from the motel.

In the PSR, the probation officer recommended a base offense level of 20 which was calculated on 430 milligrams of LSD, 30.92 grams of cocaine, and one-half ounce of mushrooms. The officer also recommended a two-point reduction for acceptance of responsibility. Because Johnson had a criminal history category of III, the guideline range was thirty-three to forty-one months. Johnson objected to the calculation of the base offense level, asserting that he had no knowledge of the LSD and mushrooms, and that the base offense level should be 14 based solely on the weight of the cocaine.

At the sentencing hearing, the district court noted Johnson's objection to the calculation of the base offense level. The court also noted that Johnson had pleaded guilty to conspiracy that included distribution of LSD and mushrooms, as well as cocaine. The court allowed Johnson's counsel, the government, and the probation officer to address Johnson's objection. Johnson's counsel noted that although Johnson had supplied the cocaine and transportation, he had not participated in the telephone calls between Hawkins and Kemmet and was not present at the time Hawkins and Kemmet exchanged the drugs. The government noted, among other things, that Johnson had admitted securing the cocaine and providing transportation, that after the first transaction a police officer stopped Johnson and Hawkins for a traffic offense and saw Johnson had a large amount of cash, and that Johnson had pleaded guilty to the charges. The probation officer also noted that Johnson had pleaded guilty to the conspiracy count of the indictment and had been named in the substantive counts. In addition, she pointed out that § 2D1.4 of the Guidelines provided that if a defendant was convicted of conspiracy, a sentence should be imposed on the basis of the conduct of coconspirators that was known to a defendant or was reasonably foreseeable. The officer further noted that Johnson was aware of the dollar amounts of the transactions.

The court rejected Johnson's explanation and adopted the recommendation of the PSR. The court sentenced Johnson to thirty-six months imprisonment and three years supervised release.

On appeal, Johnson argues that the district court erred in adopting the PSR's recommendation of a base offense level of 20 because there was insufficient evidence of his knowledge of the LSD and mushrooms. We disagree. Johnson pleaded guilty to Count VI of the indictment which charged that he conspired to possess with the intent to distribute and distribute cocaine, LSD, and psilocybin mushrooms. Johnson does not challenge the validity of his guilty plea. "It is well recognized that by pleading guilty a defendant admits the material facts alleged in the charge." *United States v. Parker*, 874 F.2d 174, 178 (3d Cir.1989). In *Parker*, the court rejected an appellant's argument that a sentencing court did not have sufficient evidence regarding the value of stolen items in determining the base offense level. The appellant had pleaded guilty to stealing one hundred twenty-two pieces of mail valued at approximately $22,500.00. He, however, asserted that he only stole forty-five packages at a lower valuation. The court rejected his argument and held that his "plea of guilty admitted the value for purposes of his sentencing and no further proof or stipulation was required." *Id.* Likewise, in this case, we hold that Johnson's plea of guilty to conspiracy to possess with intent to distribute and distribute cocaine, LSD,

and psilocybin admitted his knowledge of the drugs and no further proof was required.[2]

In addition, we note that although Count VI of the indictment did not set forth quantities of the cocaine, LSD, and psilocybin, quantities were alleged in Counts I through V and, as modified, set forth in the PSR.[3] This court has held that a sentencing court can consider conduct in dismissed counts of an indictment, *United States v. Williams*, 879 F.2d 454, 457 (8th Cir.1989), and may "rely on the information in a pre-sentence investigation report, in spite of allegations by a defendant that it is inaccurate." *United States v. Sciacca*, 879 F.2d 415, 417 (8th Cir.1989). In light of Johnson's guilty plea, we believe the district court did not err in relying on the PSR.[4]

Accordingly, the judgment of the district court is affirmed.

---

**2.** Because we hold that Johnson's guilty plea admitted his knowledge of the drugs used to calculate the base offense level, we do not address his argument that the "reasonably foreseeable" language in § 2D1.4 of the Guidelines is inapplicable to a conspiracy of two persons. We note, however, that Johnson has cited nothing in support of his argument.

**3.** The PSR noted that although Hawkins offered to sell Kemmet 5000 "hits" of LSD at the second transaction, he only sold 3800 units. We also note that the calculation of the base offense level was calculated on one-half ounce of mushrooms, and not on the one-quarter pound Hawkins offered to sell.

**4.** Section 6A1.3(a) of the Guidelines provides that "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding the factor." The commentary to the section states that in resolving disputes, "[t]he sentenc-

ing court must determine the appropriate procedure in light of the nature of the dispute, its relevance to the sentencing determination, and applicable case law." *See United States v. Barnerd*, 887 F.2d 841, 842 (8th Cir.1989) (per curiam). ("Commentary [to § 6A1.3] demonstrates the broad discretion given to the district court and the scope of information that may be considered.") *See also* Fed.R.Crim.P. 32(c)(3)(A) ("The court shall afford the defendant and the defendant's counsel an opportunity to comment on the [PSR] report and, in the discretion of the court, to introduce testimony or other information relating to any factual inaccuracy contained in it."). Although in some cases an evidentiary hearing may be necessary, in these circumstances we do not believe one was necessary.