UNITED STATES of America, Appellee,

v.

W. Dale SNOVER, a/k/a Dale Wayne Snover, James Dale Star and James D. Star, Appellant.

UNITED STATES of America, Appellee,

v.

Mary A. SNOVER, a/k/a Marianne Star and Mary Ann Star, Appellant.

Nos. 89–1614, 89–1615.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1989.

Decided April 9, 1990.

---

William G. Line, Fremont, Neb., for appellants.

Alan L. Everett, Lincoln, Neb., for appellee.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and BRIGHT, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

W. Dale Snover and his wife, Mary A. Snover, appeal from the district court's [1] sentences imposed upon them following their plea of guilty on a charge of concealment of assets in bankruptcy. We affirm.

The Snovers were jointly indicted on three counts of bankruptcy fraud. They pleaded guilty to Count I of the indictment in exchange for dismissal of the other counts.

Count I of the indictment charged the Snovers with concealing the following property from the bankruptcy trustee, in violation of 18 U.S.C. § 152: (1) an interest in Lincoln, Nebraska, residence property; (2) an interest in a $20,000 savings certificate; [2] (3) cash surrender value of three life insurance policies; (4) farm property consisting of two grain wagons, three stock water tanks, 100 steel and wood fence posts, one grain auger, and two feed bunks; (5) a 1983 Lincoln Continental automobile; (6) livestock of an unknown quantity; and (7) money of an unknown amount.

Initially, Mr. and Mrs. Snover were sentenced to 48 and 24 months, respectively, with three years of supervised release following incarceration and joint and several restitution of $151,379. The Snovers appealed these sentences, arguing that the district court had viewed the Guidelines as unconstitutional and thus not binding. We

---

1. The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

2. This portion of the indictment has been lined through and initialed on the copy furnished to us on appeal, but because the parties raise no question about it we assume that it remained part of the indictment.

remanded for resentencing under the Guidelines in light of *Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), which upheld the constitutionality of the Guidelines.

On remand, Dale Snover received a 46–month sentence; Mary Snover received a 20–month term. Both sentences are above the range set by the Guidelines.

The Snovers raise two principal issues on appeal: (1) the district court erred in finding aggravating factors justifying an increase in the sentence under 18 U.S.C. § 3553(b); and (2) the district court misapplied or failed to follow the Guidelines.

The Snovers, who are in their sixties, were extensive landowners in Eastern Nebraska. They attempted a rapid expansion of their holdings in the early 1980's when land prices were high. When land prices fell, they were unable to meet the payments. They sought the advice of an attorney regarding filing for bankruptcy. Not satisfied with this attorney's advice, they employed a second attorney, who filed the petition for bankruptcy for them.

At the sentencing hearing on remand, the district court noted that the Snovers had taken steps to keep the property from their creditors. Before filing bankruptcy the Snovers: (1) purchased a home in Lincoln, Nebraska, with about $140,000 cash, representing slightly over half the cost of the home; (2) moved to Kansas, where bankruptcy laws were considered more favorable; and (3) used an alias in purchasing the real estate.

The district court noted the Snovers' activities after filing bankruptcy: (1) signing, under penalty of perjury, a statement of financial affairs containing false information about property; (2) cashing in three life insurance policies not mentioned in the bankruptcy petition; (3) selling farm machinery and equipment under aliases not listed in the petition; (4) selling livestock not reported to the bankruptcy court; (5) lying in an examination conducted pursuant to Bankruptcy Rule 2004 regarding the use of aliases and regarding ownership of property; and (6) renting a house and receiving rental payments through a numbered bank account. The district court also noted that a very substantial length of time elapsed from the first of these events until the Snovers' arrest, which occurred in July 1988.

The sentence range under the Guidelines for a conviction under 18 U.S.C. § 152 was 14 to 21 months for Dale Snover, based on an offense level of 14, and 10 to 16 months for Mary Snover, based on an offense level of 12. *See* Guidelines § 2F1.1. The district court determined that Dale Snover's offense level was higher because of his greater role in the offense.

The district court may depart from the Guidelines if it finds aggravating or mitigating circumstances which are not adequately taken into consideration by the Guidelines. 18 U.S.C. § 3553(b). When departing from the Guideline range, however, the district court must provide "the specific reason for the imposition of a sentence different from that described [in the Guidelines]." 18 U.S.C. § 3553(c). The district court's decision to depart upward is reviewed under an abuse of discretion standard, *United States v. Carey*, 898 F.2d 642 (8th Cir.1990); *United States v. Drew*, 894 F.2d 965 (8th Cir.1990), and "[t]he court's discretion to depart from the Guidelines is broad." *United States v. Roberson*, 872 F.2d 597, 601 (5th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989).

We review sentences which are outside the applicable range for reasonableness. *See* 18 U.S.C. § 3742(e)(3). We are commanded to accept the district court's findings of fact unless they are clearly erroneous and to give due deference to the district court's application of the Guidelines to the facts. *Id.* § 3742(e).

The district court listed the aggravating factors which it found justified an upward departure. These factors included the Snovers' acts of concealment before and after filing bankruptcy, as well as "activity of a somewhat similar nature, though not resulting in criminal charges but intimating a deep attachment to the obtaining of money or property at the expense of others, thereby signaling the unlikelihood of rehabilita-

tion without strong measures." The district court then listed three such activities: (1) The long course of buying property on contract, paying a portion of the price, but then stopping payments and making a profit on the property while the legal proceedings for recovery of the property were pending; (2) the long course of not paying bills for farming needs, even though financially able to do so; (3) Dale Snover's history of selling or using for his own purposes mortgaged property. The district court also pointed to "a lack of any genuine remorse over depriving the creditors by fraudulent means."

The Snovers contend that the factors cited by the district court do not justify upward departure because the factors were merged by the government in Count I of the indictment. The Snovers also assert that several factors were not violations of law, were acts advised by bankruptcy counsel, or were not established by reliable information, as required by the Guidelines. Likewise, they contend that selling farm equipment under aliases which are not listed in the petition is inherent in the offense to which they pleaded guilty and thus should not be considered as a factor not adequately taken into consideration by the Guidelines.

The Guidelines provide that the district court may consider, "without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law" in determining whether a departure from the Guidelines is warranted. Guidelines § 1B1.4. We have held that conduct pertaining to dismissed counts may be considered in calculating adjustments to base offense levels under the Guidelines. *United States v. Williams*, 879 F.2d 454, 457 (8th Cir.1989); *see also* Guidelines § 1B1.3. Whatever the culpability of the Snovers' prior counsel in advising the Snovers in the bankruptcy proceedings, the Snovers were aware that some of their acts were illegal.

■ The Snovers contend that the court did not determine the amount of funds which were concealed when farm equipment was sold and when the Snovers re-

ceived rental payments for a rented house through a numbered bank account. We find that although the court did not use a dollar amount in determining the sentence because estimates were not available, these activities could be considered under Guidelines § 1B1.4.

■ Next, the Snovers contend that lying under oath in a Rule 2004 examination in a bankruptcy proceeding formed the basis for a count of the indictment dismissed in the plea agreement and that the district court should thus not have considered it as an aggravating factor. We conclude that the district court properly considered this wrongful act under section 1B1.4 and that this factor is not adequately represented by the sentence computed under Guidelines § 2F1.1.

■ The Snovers also maintain that the district court improperly considered activities which did not constitute criminal activities. As indicated above, these activities included (1) buying several farms on contract and ceasing payments while collecting rental payments in lieu of immediate foreclosure; (2) not paying farming bills; and (3) selling or using mortgaged property for Dale Snover's own purposes. The sentencing court, however, may consider a wide range of conduct under section 1B1.4, and these additional, non-criminal factors reflected the attitude that ultimately led the Snovers to engage in the criminal activity that resulted in the charges against them. Had these non-criminal activities been the only factors relied upon by the district court to justify the upward departure we might be given pause, but after a careful review of the district court's canvassing of the record during the sentencing hearing, we are satisfied that these factors were not given undue weight.

Having completed the first two steps in analyzing the district court's upward departure from the Guidelines—determining whether the circumstances relied upon are of a kind or degree warranting upward departure and determining whether those circumstances find factual support in the record—we turn to the third step, that of determining the reasonableness of the sen-

tence imposed. We find instructive the First Circuit's view of the reviewing court's role in this step:

> This third step involves what is quintessentially a judgment call. District courts are in the front lines, sentencing flesh-and-blood defendants. The dynamics of the situation may be difficult to gauge from the antiseptic nature of a sterile paper record. Therefore, appellate review must occur with full awareness of, and respect for, the trier's superior "feel" for the case. We will not lightly disturb decisions to depart, or not, or related decisions implicating degrees of departure.

*United States v. Diaz–Villafane,* 874 F.2d 43, 49–50 (1st Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989).[3]

 Giving due regard to the district court's superior "feel" for the case, including the district court's opportunity to judge whether the Snovers' protestations of remorse and contrition had the ring of sincerity or the timbre of self-pity and self-justification, we conclude that the sentences are reasonable.

 Mary Snover argues that her offense level should be lowered by two levels under section 3B1.2, which decreases a sentence for a defendant playing a mitigating role in a crime, because her husband's offense level was increased by two levels for an aggravating role as a leader of a criminal activity under section 3B1.1(c). She cites no authority for the proposition that if one participant receives an enhancement for an aggravating role under section 3B1.1 then a balancing reduction must be awarded to another participant in the same criminal activity for a mitigating role under section 3B1.2. We find that the district court did not err in refusing to lower Mary Snover's offense level.

We have considered the other contentions raised by the Snovers and conclude that they are without merit.

3. The *Diaz–Villafane* three-step test for reviewing departures from the Guidelines was recently adopted by another panel of this court in *United*

We hold that the district court did not abuse its discretion in departing upward from the Guidelines and that the sentences imposed were reasonable.

The sentences are affirmed.

BRIGHT, Senior Circuit Judge, concurs in the result.

*States v. Lang,* 898 F.2d 1378, 1379 (8th Cir. 1990).