**UNITED STATES of America, Appellee,**

v.

**Earl Wayne MORTON, Appellant.**

**UNITED STATES of America, Appellant,**

v.

**Earl Wayne MORTON, Appellee.**

**Nos. 91–2618, 91–2803.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 9, 1991.

Decided Feb. 24, 1992.

**578**

Alan G. Kimbrell, St. Louis, Mo., argued, for appellant.

James G. Martin, Asst. U.S. Atty., St. Louis, Mo., argued, for appellee.

Before ARNOLD,* Circuit Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.

FAGG, Circuit Judge.

Earl Wayne Morton pleaded guilty to three counts of mail fraud in connection with the sale of three cars with altered odometer readings. *See* 18 U.S.C. § 1341 (1988). After Morton's car dealership purchased these cars, Morton rolled back the odometers and sold the cars at his car auction. In exchange for Morton's plea, the Government dismissed other counts against Morton, including a conspiracy count involving over 300 cars with altered odometer readings brought to Morton's auction by other car dealers. Although Morton did not roll back the odometers on these cars, the Government asserted Morton knowingly allowed them to be sold through his auction. The district court sentenced Morton to twenty-four months imprisonment under the Sentencing Guidelines and fined him $20,000. Morton appeals his sentence. The Government cross-appeals, asserting the district court imposed a sentence below the appropriate guidelines range and lacked a basis for doing so. We remand for resentencing.

To determine the offense level for fraud, the district court starts with a base offense level of six. U.S.S.G. § 2F1.1(a) (Nov. 1990). The district court then enhances the base offense level in proportion to the amount of actual or intended monetary loss. *Id.* § 2F1.1(b). If the monetary loss is between $2000 and $5000, the district court increases the base offense level by one. *Id.* § 2F1.1(b)(1)(B). If the monetary loss is between $350,000 and $500,000, the district court increases the base offense level by nine. *Id.* § 2F1.1(b)(1)(J).

Based on the three cars involved in the mail fraud counts and the 300–plus cars involved in the dismissed conspiracy count, the probation officer who prepared the presentence investigative report (PSR) estimated victim loss at $353,120.74. Accordingly, the officer increased the base offense level of six by nine. The officer also added two levels for Morton's scheme to defraud more than one victim, *id.* § 2F1.1(b)(2), four levels for Morton's role as an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, *id.* § 3B1.1(a), and two levels for obstruction of justice, *id.* § 3C1.1. With a total offense level of 23 and a criminal history category of II, the officer recommended a sentencing guidelines range of 51–63 months imprisonment. *See* U.S.S.G. ch. 5 sentencing table.

Morton contends the district court committed error in adding nine levels for victim loss because Morton only admitted to a victim loss of $3510 based on the three cars involved in his guilty plea. The Government asserts the district court properly included harm resulting from the con-

---

* The Honorable Richard S. Arnold became Chief Judge of the United States Court of Appeals for the Eighth Circuit on January 7, 1992.

spiracy in the loss calculation without hearing testimony on the issue. In its cross-appeal, the Government contends the district court improperly departed from the PSR's sentencing range of 51–63 months.

We disagree with the parties' characterization of the district court's actions. In our view, the district court did not adopt the PSR's recommended sentencing range and then depart downward from that range. Although the district court referred to the PSR's recommended offense level of 23, the district court determined the minimum guidelines sentence was 21 months. This corresponds to a criminal history category of II and an offense level of 15 rather than 23. *Id.* The sentencing transcript reveals the district court adhered to the PSR except for victim loss. Rather than adding nine levels to include the loss on the cars involved in the conspiracy, the court added one level for the loss on the cars involved in the guilty plea. Thus, the dispute is about the calculation of loss under the fraud guideline, not a departure from the guidelines range. *See United States v. Napoli*, 954 F.2d 482, 484 (8th Cir.1992).

To determine the amount of loss in this case, the district court considers all harm resulting from "all ... acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2); *see id.* § 1B1.3(a)(3). The mail fraud counts to which Morton pleaded guilty included a preamble incorporating by reference assertions contained in the conspiracy count. Thus, the Government contends Morton's "offense of conviction" is a scheme to defraud involving numerous used car dealers and over 300 vehicles.

■ We believe the "offense of conviction" is the substantive offense to which the defendant pleads guilty. *See Hughey v. United States*, 495 U.S. 411, 110 S.Ct. 1979, 1981, 1986, 109 L.Ed.2d 408 (1990) (equating "offense of conviction" with charge to which defendant pleaded guilty). There is no written plea agreement in this case. Instead, Morton pleaded guilty to three counts of mail fraud in open court

and specifically denied knowledge that the cars involved in the conspiracy count had rolled-back odometers. The transcript of the plea hearing does not show anyone informed Morton he was conceding facts underlying the conspiracy. Under the circumstances, "[t]o permit a greater offense to be incorporated by reference into each count of the indictment destroys the plea bargain process." *United States v. Sharp*, 941 F.2d 811, 815 (9th Cir.1991). By incorporating the entire scheme into each count, the Government concedes little when it agrees to dismiss many counts in exchange for a plea including the entire scheme. *Id.* Indeed, after receiving the PSR calculating victim loss based on the cars involved in the conspiracy count, Morton sought to withdraw his guilty plea.

We do not believe Morton can be sentenced for the loss on the conspiracy's cars without further proof. The Government cites cases that do not control Morton's situation. *See United States v. Johnson*, 888 F.2d 1255, 1256–57 (8th Cir.1989) (defendant who pleaded guilty to possession with intent to distribute cocaine, LSD, and psilocybin admitted knowledge of LSD and psilocybin; thus, amounts of those drugs included in dismissed counts were properly used in sentencing); *United States v. Parker*, 874 F.2d 174, 177–78 (3d Cir.1989) (defendant who pleaded guilty to stealing 122 pieces of mail having a value of $22,500 admitted that value for the purposes of sentencing). Thus, we agree with the district court that Morton's guilty plea is not a basis for including the conspiracy's cars in the loss calculation.

Although Morton's "offense of conviction" is mail fraud, the loss resulting from the conspiracy's cars may still be included under U.S.S.G. § 1B1.3 if the conspiracy is "part of the same course of conduct or common scheme or plan" as the mail fraud. "[T]his is a fact intensive inquiry in which the district court is given broad discretion to assess the relevant facts." *United States v. Montoya*, 952 F.2d 226, 229 (8th Cir.1991). In this circuit, the district court can assess conduct involved in dismissed

counts. *United States v. Snover*, 900 F.2d 1207, 1210 (8th Cir.1990).

At the sentencing hearing, the Government was prepared to present evidence of Morton's involvement with the conspiracy's cars. The district judge, however, stated he would not sentence Morton for the loss on those cars because Morton only pleaded guilty to fraud in connection with three cars. The judge also stated he did not believe the guidelines required incremental punishment for all the cars. Because proof of Morton's criminal involvement with the conspiracy's cars would not change the judge's decision, the Government did not introduce any evidence on this point.

■ It may be that the district court believed the conspiracy was not relevant conduct under U.S.S.G. § 1B1.3. The district court, however, made no finding for us to review. Thus, we must remand to the district court for further consideration. If the district court finds the conspiracy is not relevant conduct, the district court should not include the loss on the conspiracy's cars when calculating loss under U.S.S.G. § 2F1.1. The relevancy of conduct and the amount of loss under the fraud guideline are factual findings reversible only for clear error. *United States v. Gooden*, 892 F.2d 725, 728 (8th Cir.1989) (relevancy of conduct), *cert. denied*, 496 U.S. 908, 110 S.Ct. 2594, 110 L.Ed.2d 274 (1990); *United States v. West*, 942 F.2d 528, 532 (8th Cir.1991) (amount of loss).

Morton next contends the evidence does not support the district court's finding that he was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). Morton also asserts the district court based its finding that he was an organizer on hearsay lacking indicia of reliability. On remand, testimony will likely cover Morton's involvement with other car dealers. Thus, we decline to decide these issues now.

■ Morton also asserts the evidence does not support the district court's enhancement of his offense level for obstruction of justice under U.S.S.G. § 3C1.1. During the investigation, Morton produced cancelled checks with altered or eliminated vehicle identification numbers. Application note 3(c) to section 3C1.1 provides the enhancement applies when the defendant produces an altered document during an official investigation. Because section 3C1.1 clearly applies to Morton's conduct, we conclude the district court properly enhanced Morton's sentence for obstruction of justice.

■ Morton next asserts the district court failed to exercise its discretion on Morton's request for an acceptance-of-responsibility reduction. Because the district court enhanced Morton's sentence for obstruction of justice, the district court properly denied Morton a reduction for acceptance of responsibility. *United States v. Holland*, 884 F.2d 354, 359–60 (8th Cir.), *cert. denied*, 493 U.S. 997, 110 S.Ct. 552, 107 L.Ed.2d 549 (1989); U.S.S.G. § 3E1.1 n. 4.

Morton also contends the district court failed to make findings on asserted factual inaccuracies as Federal Rule of Criminal Procedure 32(c)(3)(D) requires. Morton, however, does not identify the factual inaccuracies unresolved by the district court. In addition, during the sentencing hearing, the district court made findings on Morton's objections to the PSR. We conclude the district court complied with Rule 32(c)(3)(D). *See United States v. Murphy*, 899 F.2d 714, 719 (8th Cir.1990).

■ Finally, Morton argues the district court misconstrued the Government's burden of proof at the sentencing hearing as being "some evidence" rather than a "preponderance of the evidence." We believe Morton misreads the record. Morton bases his argument on comments the district judge made primarily when addressing Morton's role in the offense. In an effort to save time, the district court told the Government it only needed to introduce evidence of Morton's involvement with enough other people to support the PSR's recommended enhancement. After hearing testimony about several people, the district court found "sufficient evidence" supported enhancement of Morton's offense

level for his organizational role. Although the district court did not state the standard of proof it applied when making its findings, we are satisfied the district court applied the preponderance of the evidence standard. *See United States v. Malbrough*, 922 F.2d 458, 464 (8th Cir.1990) (preponderance of evidence standard applies in sentencing determinations), *cert. denied*, — U.S. —, 111 S.Ct. 2907, 115 L.Ed.2d 1071 (1991). In any event, having reviewed the sentencing transcript, we conclude the district court's findings would have been the same under the preponderance standard. Thus, the district court's factfinding satisfied due process. *See United States v. Luster*, 896 F.2d 1122, 1129 (8th Cir.1990).

In sum, we remand the issues of loss calculation and Morton's role in the offense to the district court for further consideration. We affirm the district court's obstruction of justice enhancement and denial of a reduction for acceptance of responsibility. In resentencing Morton, the district court may impose a sentence below the guidelines range if circumstances warrant departure.