956 F.2d 263
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Duanne L. GAINER, Defendant-Appellant.
 No. 91-5789.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 17, 1992.
Decided Feb. 28, 1992.
As Amended April 3, 1992.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Charles H. Haden, II, Chief District Judge. (CR-90-245-5)
 Leonard Kaplan, Assistant Federal Public Defender, Charleston, W.Va., for appellant.
 Michael W. Carey, United States Attorney, Michael M. Fisher, Assistant United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before LUTTIG, Circuit Judge, and BUTZNER and CHAPMAN, Senior Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Duanne L. Gainer appeals his sentence for possession of cocaine with the intent to distribute, 21 U.S.C. § 841(a)(1) (1988). He contends that the district court erred in not granting him a downward adjustment for being a minor participant in the offense. We disagree and affirm.
 
 
 2
 * On July 12, 1990, a confidential informant arranged to purchase cocaine from Gainer at Gainer's Motorcycle Shop located adjacent to his home in Wintersville, Ohio. The informant had purchased drugs from Gainer in the past, and on this date he paid Gainer $50 for a prior drug debt. The informant then purchased 3.23 grams of cocaine for $250. Gainer told him that he expected to have four ounces of cocaine later in the week.
 
 
 3
 On July 17, 1990, the informant travelled to Gainer's Motorcycle Shop and purchased 3.34 grams of cocaine for $250 and paid Gainer an additional $50 on a prior drug debt.
 
 
 4
 On September 8, 1990, Gainer and co-defendant Joseph Gretchen were stopped and arrested while driving north in Gretchen's van on the West Virginia Turnpike. Found in the van were Gretchen's pistol, $13,500 in an envelope with Gretchen's fingerprint on it, and 496.7 grams of cocaine that Gretchen had obtained in Florida. In addition, Gainer had $250 in his possession. Although Gainer claims he went along for the ride and to sell a motorcycle, he admits that he assumed Gretchen was trafficking drugs and planned on obtaining a small portion of cocaine from him later. Gainer in fact had been selling cocaine for Gretchen since January 1990 and had sold cocaine that Gretchen had acquired in Florida on at least two prior occasions. The occurrences of September 8, 1990, constitute the offense conduct.
 
 II
 
 5
 Gainer contends that he was entitled to a downward adjustment under sentencing guideline section 3B1.2 for being a minor participant. United States Sentencing Commission, Guidelines Manual (Nov. 1990). This court reviews a district court's determination regarding a defendant's role in an offense under a clearly erroneous standard. United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir.1989).
 
 
 6
 Gainer's argument rests on the commentary to the guidelines, which specifies that "[t]his section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment. (backg'd). He contends that because participants who are not leaders are necessarily "substantially less culpable" than the leaders, they are entitled to a downward adjustment. This argument is without merit. See United States v. Snover, 900 F.2d 1207, 1211 (8th Cir.1990). Moreover, the evidence clearly supports the district court's decision not to grant a downward adjustment. Gainer had sold cocaine for Gretchen since January 1990, including cocaine acquired in Florida. He traveled with Gainer to and from Florida on the day of the offense. He admitted that he intended to obtain from Gretchen a portion of the cocaine acquired that day. Under these facts, the district court's determination that Gainer was not a minor participant was not clearly erroneous.
 
 
 7
 The district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.