982 F.2d 526
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Duane Sever JOHNSON, Appellant.
 No. 92-2456.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 13, 1992.
Filed: November 20, 1992.
 
 Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Duane Sever Johnson appeals from the twenty-one-month sentence imposed by the district court[1] following his guilty plea to sexual contact with a minor in violation of 18 U.S.C. §§ 1153, 2244(a). We affirm.
 
 
 2
 A grand jury indicted Johnson, charging him with engaging in sexual contact with a female under the age of twelve between January 1 and December 31, 1987, on the Red Lake Indian Reservation. The indictment alleged that Johnson intentionally touched the victim's genitalia. According to the presentence report (PSR), the victim was the granddaughter of Johnson's "common-law wife," with whom he had resided for more than twenty years. The victim was seven years old at the time of the contact and regarded Johnson as her "grandpa." Pursuant to a plea agreement, Johnson pleaded guilty to the charge, and the government agreed to a cap at the top of the sentencing range, which it calculated as 15 to 21 months based on the 1991 version of U.S.S.G. § 2A3.4.
 
 
 3
 Due to Ex Post Facto Clause concerns, however, the PSR determined that the 1987 version of section 2A3.4 applied and found that Johnson's base offense level was 6 and his criminal history category was I, yielding a sentencing range of 0 to 6 months. The PSR identified the vulnerability of the victim because of her age, Johnson's abuse of a position of trust, the possibility of extreme psychological harm to the victim, and the ten-level increase in the offense level in the 1991 version of section 2A3.4 as factors that might warrant departure. Johnson objected to the PSR and argued that the factors identified in it did not justify departure.
 
 
 4
 At sentencing, the district court found Johnson's offense level to be 4 and the sentencing range 0 to 4 months. The court determined, however, that an upward departure, pursuant to U.S.S.G § 5K2.0, was warranted because (1) the victim was particularly vulnerable; (2) the 1987 version of section 2A3.4 did not provide for an increase in offense level based on the victim's age; and (3) Johnson had abused the position of trust he had attained because of his relationship with the victim's grandmother to commit the offense. In its statement of reasons for imposing sentence, the court explained that a substantial term of incarceration was necessary to punish Johnson for the crime and to deter others from committing similar crimes. The court then imposed a sentence of twenty-one months.
 
 
 5
 On appeal, Johnson argues that the extent of the departure was unreasonable in light of the reasons given for it. He contends that the district court should have considered the amendments to U.S.S.G. § 2A3.4 to determine the proper sentence. He points out that the current version of section 2A3.4 provides for a four-level increase to a defendant's base offense level if the victim was under the age of twelve and a two-level increase if the victim was in the defendant's custody, care, or supervisory control. U.S.S.G. § 2A3.4(b)(1), (3). Johnson therefore maintains that the court should have added these increases to his offense level of 4, resulting in a total offense level of 10 and a sentencing range of 6 to 12 months. Johnson contends that, rather than following this approach, the district court simply applied the current version of section 2A3.4 to arrive at the twenty-one-month sentence.
 
 
 6
 "We review ... an upward departure based on circumstances not adequately considered by the Guidelines under an abuse of discretion standard." United States v. Perkins, 929 F.2d 436, 438 (8th Cir. 1991). The extent of an upward departure is essentially a judgment call and we generally defer to the district court's superior "feel" for the case. See United States v. Snover, 900 F.2d 1207, 1211 (8th Cir. 1990). We will affirm an upward departure unless it is unreasonable. See United States v. Saunders, 957 F.2d 1488, 1492 (8th Cir.), cert. denied, 61 U.S.L.W. 3262 (U.S. Oct. 5, 1992) (No. 92-5302). "The reasonableness determination looks to the amount and extent of the departure in light of the grounds for departing." Williams v. United States, 112 S. Ct. 1112, 1121 (1992).
 
 
 7
 We conclude that the extent of the departure imposed here-seventeen months above the top end of Johnson's sentencing range-was not unreasonable in view of the reasons given for it. In addition to the age of the victim and Johnson's abuse of her trust, the district court stated that a substantial term of incarceration was necessary to punish Johnson adequately for this offense and to deter others from committing similar offenses. These are proper factors to consider when imposing sentence. See 18 U.S.C. § 3553(a)(2)(A), (B). Moreover, the twenty-one-month sentence is well within the statutory maximum of five years in the 1987 version of 18 U.S.C. § 2244(a). See Saunders, 957 F.2d at 1493 (noting that departure sentence was within statutory maximum and thus not unreasonable). Finally, there is no evidence in the record to support Johnson's claim that the district court simply applied the current version of section 2A3.4 in imposing this sentence, and we reject Johnson's claim that the subsequent amendments to section 2A3.4 placed an outer limit on the district court's authority to depart upward.
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota