# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1580

———————

United States of America,

        Appellee,

v.

Brian White,

        Appellant.

Appeal from the United States
District Court for the
Eastern District of Missouri.

———————

Submitted: January 11, 2005
Filed: June 1, 2005

———————

Before LOKEN, Chief Judge, and MORRIS SHEPPARD ARNOLD and MURPHY, Circuit Judges.

———————

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Brian White pleaded guilty to all counts in which he was named in a thirty-eight count indictment alleging various activities related to a drug distribution conspiracy. *See* 21 U.S.C. §§ 841(a)(1), 846. The district court[1] sentenced him to 340 months in prison on Count I (the conspiracy count), various sentences to be served concurrently with the 340-month sentence on six other counts, and a

———————

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

consecutive 60-month sentence for possessing a firearm in furtherance of a drug-trafficking crime. He now appeals the sentence on Count I. We affirm.

Mr. White raises four issues on appeal. He maintains that the court erred by interpreting his guilty plea to Count I as an admission of all the facts recited in that count and then using those facts to increase his sentence under the United States Sentencing Guidelines. He also asserts that the district court used the wrong legal standard to determine the quantity of drugs attributable to him and that the evidence does not support its finding as to drug quantity. Finally, he challenges his sentence pursuant to *United States v. Booker,* 125 S. Ct. 738 (2005).

I.

Mr. White argues that the district court should not have used his guilty plea as a basis for finding facts that increased his sentence under the sentencing guidelines. At his plea hearing, Mr. White stated, through counsel, that he was pleading guilty because he agreed that the government could prove "all essential elements of the crime charged in Count I," but he also indicated that he did "not agree with all of the manner and means set out [in the indictment]." (The manner-and-means section of the indictment described the conspiracy and set out various overt acts committed in furtherance of it. We note that proof of an overt act is not necessary to establish a violation of the drug conspiracy statute. *See United States v. Shabani*, 513 U.S. 10, 15 (1994).) The district court accepted his plea, and the government did not object or seek clarification of what precisely Mr. White disputed. The court later conducted a full-day sentencing hearing and received the testimony of four government witnesses: Anthony Chaney, an alleged co-conspirator; Barbara McCray, who was also named in the indictment; Phillip Menendez, a St. Louis police officer; and Mark Demas, an ATF agent who served in an undercover capacity during the investigation.

Later, when Mr. White was sentenced, the district judge first took the position that in pleading guilty Mr. White had pleaded guilty to "[e]very line [and] every

paragraph" of the indictment including the manner-and-means section. After vigorous argument by Mr. White's counsel that a guilty plea admits only the essential elements of the crime, the judge appeared to acquiesce and stated, "Well, I think your distinction is one without a difference, but I'll accept your argument." The judge then, however, considered three objections that Mr. White raised to the presentence investigation report, and for each one he used facts alleged in the indictment to bolster his findings. After noting that Mr. White had pleaded guilty to an indictment alleging in its manner-and-means section that the conspiracy involved "large amounts" of drugs, the district judge found that the quantity of heroin attributable to Mr. White was between ten and thirty kilograms. When concluding that Mr. White should receive a three-level enhancement for his role in the offense, the judge again referred to the manner-and-means section of the indictment, specifically the language noting that "Brian White and David Foston served as the leaders and organizers of the conspiracy." And in computing Mr. White's criminal history, the judge relied on the dates of the conspiracy set forth in Count I of the indictment (but not its manner-and-means section) to conclude that Mr. White had engaged in the conspiracy while on unsupervised probation. On appeal, Mr. White maintains that the district judge erred by using his guilty plea as support for these three conclusions.

Mr. White asks us to decide whether by pleading guilty a defendant admits all of the factual allegations in the indictment or simply the essential elements of the crime. He urges us to adopt the position favored by the Ninth Circuit and some commentators that a plea of guilty admits only the essential elements of the charge. *See, e.g., United States v. Cazares,* 121 F.3d 1241, 1246-47 (9th Cir. 1997); 1A Charles Alan Wright, Federal Practice and Procedure § 175 (3d ed. 1999). But our cases have taken a different approach; they indicate that when a defendant pleads guilty he "admits all of the factual allegations made in the indictment." *O'Leary v. United States,* 856 F.2d 1142, 1143 (8th Cir. 1988) (per curiam). *But cf. United States v. Apker,* 174 F.3d 934, 940 (8th Cir. 1999).

We have twice rejected claims by defendants that they should not be bound at sentencing by facts alleged in an indictment to which they pleaded guilty. In *United States v. Eaves,* 849 F.2d 363, 365 (8th Cir. 1988), we held that a defendant's guilty plea to an indictment charging a mail fraud scheme involving 135 victims precluded the defendant from claiming at sentencing that the scheme involved only 47 victims. We have also held that a defendant who pleaded guilty to a conspiracy to distribute cocaine, LSD, and psilocybin mushrooms could not assert at sentencing that he did not know about the LSD and the mushrooms. *United States v. Johnson,* 888 F.2d 1255, 1255-56 (8th Cir. 1989).

Unlike the defendants in *Eaves* and *Johnson*, however, Mr. White stated at his plea hearing that he did not agree with all of the facts recited in the manner-and-means portion of the indictment. This case is therefore like *United States v. Morton,* 957 F.2d 577, 579 (8th Cir. 1992). *See also United States v. Gilliam,* 987 F.2d 1009, 1013-14 (4th Cir. 1993). In *Morton*, the defendant pleaded guilty to three counts of mail fraud based on the sale of three cars with altered odometer readings. When he entered his unwritten plea, the defendant specifically denied that he knew that three hundred other vehicles involved in a separate conspiracy count also had rolled-back odometers. *Morton*, 957 F.3d at 579. A preamble to the mail fraud counts incorporated by reference the allegations contained in the conspiracy count. We "agree[d] with the district court that [the defendant's] guilty plea [was] not a basis for including the conspiracy's cars in the loss calculation" and concluded that, absent further proof, the defendant could not be sentenced for the loss from those cars. *Id.*

At his plea hearing, Mr. White clearly indicated his dispute with some of the "specifics" alleged in the manner-and-means section of Count I. At sentencing, the district judge then interpreted Mr. White's guilty plea as an admission of facts recited in the manner-and-means portion of the indictment. We believe that in doing so the judge acted contrary to our holding in *Morton.*

Even though the district court erred at the sentencing hearing by considering the allegations in the manner-and-means section of Count I, however, we will not reverse unless the error affected Mr. White's substantial rights. *See* 28 U.S.C. § 2111; Fed. R. Crim. P. 52(a). The burden of proving that an error does not affect substantial rights rests with the " 'beneficiary of the error,' " here, the government. *United States v. Haidley,* 400 F.3d 642, 644 (8th Cir. 2005) (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967)). In cases like this, where the error is not of constitutional magnitude, the government must establish that there is not "grave doubt" that the error substantially influenced the outcome. *Kotteakos v. United States,* 328 U.S. 750, 765 (1946); *Haidley,* 400 F.3d at 645.

We do not harbor any "grave doubt" that the district judge's consideration of language alleging that Mr. White trafficked in "large amounts" of heroin and cocaine played anything other than a very minor role in his finding that Mr. White was responsible for between ten and thirty kilograms of heroin. The judge himself recognized that Mr. White's plea to arranging for and directing "large amounts" of heroin did not itself prove that the quantity was between ten and thirty kilograms. In determining drug quantity, moreover, the judge made specific findings regarding evidence presented at the sentencing hearing. After lengthy consideration, he found credible the testimony of Mr. Chaney and Ms. McCray, Mr. White's co-defendants, and concluded based on that testimony that the amount of heroin attributable to Mr. White was at least 12,040 grams. The judge also remarked that tapes of phone conversations that "set out some evidence that was extremely incriminating as to the extent and nature of th[e] conspiracy" also influenced his decision. In the context, we conclude that Mr. White's substantial rights were not affected.

The record reflects that the judge's consideration of language alleging that Mr. White and Mr. Foston "served as the leaders and organizers of the conspiracy" played a similarly minor role in his conclusion that Mr. White should receive a three-level enhancement for his role in the offense. *See* U.S.S.G. § 3B1.1(b) (2002).

Although the judge remarked that the plea itself would support a four-level enhancement, *see* U.S.S.G. 3B1.1(a) (2002), he also found credible an organizational chart prepared by Agent Demas that supported the same enhancement by demonstrating that Mr. White played a significant role in the conspiracy: The judge indicated that after considering all of the evidence regarding Mr. White's role he "probably would tip the scales without any question to the chart that was provided by the special agent on the basis of his investigation." But the judge ultimately decided to enhance Mr. White's sentence by three levels (rather than four) under U.S.S.G. § 3B1.1(b) (2002) in order to treat Messrs. Foston and White "somewhat equally." Because the organizational chart and a desire for parity drove the judge's conclusion in this matter, we conclude that his consideration of Mr. White's plea did not substantially affect the outcome.

It was not error at all, moreover, for the judge to conclude that Mr. White admitted the dates of the conspiracy contained in the indictment when he pleaded guilty. Count I set forth the dates of the conspiracy in its first sentence, which was not in the manner-and-means section, whereas Mr. White expressed disagreement at his plea hearing with only the manner-and-means section of that count. Accordingly, Mr. White admitted the dates alleged in the indictment when he pleaded guilty to the indictment without reserving the right to challenge them at sentencing. *See United States v. Dall,* 918 F.2d 52, 53 (8th Cir. 1990) (per curiam), *cert. denied,* 498 U.S. 1094 (1991); *United States v. Tolson,* 988 F.2d 1494, 1499-1501 (7th Cir. 1993). We therefore conclude that the district court was correct in assessing Mr. White two criminal history points for committing his offense while he was on unsupervised probation. *See* U.S.S.G. § 4A1.1(d) (2002).

## II.

Mr. White contends that the district court committed legal error by holding him accountable for heroin beyond the amount that he actually received. Specifically, he

contends that the court should not have attributed to him the heroin obtained and kept by co-defendant Foston.

Mr. White pleaded guilty to conspiring to distribute heroin and cocaine. The sentencing guidelines provide that "in the case of a jointly undertaken criminal activity ... all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity" shall be used to determine the sentence. U.S.S.G. § 1B1.3(a)(1)(B) (2002). The application notes explain that this section requires a judge to hold a defendant accountable for the conduct of others that was both "(i) in furtherance of the jointly undertaken criminal activity; and (ii) reasonably foreseeable in connection with that criminal activity." *Id.* at comment. (n.2). Under U.S.S.G. § 1B1.3 (2002), "a conspiracy defendant may be held accountable for the criminal activities of other co-conspirators provided the activities fall within the scope of criminal activity the defendant agreed to jointly undertake." *United States v. Flores*, 73 F.3d 826, 833 (8th Cir. 1996), *cert. denied,* 518 U.S. 1027 (1996).

The district judge properly applied these principles in attributing between ten and thirty kilograms of heroin to Mr. White. This amount of heroin was a conservative estimate, reflecting only what co-defendant Chaney observed when Mr. White was present. According to Mr. Chaney, co-defendants White, Foston, and oftentimes Ford would meet at a safe place provided by Mr. Chaney to divide the heroin amongst themselves, and they would then use it as they saw fit. The district judge had ample evidence to find that Messrs. White and Foston worked together, acquiring heroin from their respective sources and then dividing it up between them, with some going to Mr. Ford. The amount of heroin that the district judge attributed to Mr. White was reasonably foreseeable by him because there was evidence that he was present when he and his co-conspirators divided up the heroin upon which the judge based the sentence.

III.

Mr. White also argues that the district judge erred in relying upon the evidence presented at the sentencing hearing to attribute more than ten kilograms of heroin to him. We review this challenge to the evidentiary basis for the judge's determination of quantity for clear error and will reverse only "if an examination of the entire record definitely and firmly convinces us that a mistake has been made." *United States v. Alvarez,* 168 F.3d 1084, 1087 (8th Cir. 1999) (internal quotations omitted).

We are not so convinced. The record reflects that the district judge carefully considered the evidence in determining the drug quantity attributable to the defendant. Mr. White asks us to find incredible the testimony of Anthony Chaney because he was a "bought witness." The record indicates that the judge received Mr. Chaney's testimony with a hermeneutic of suspicion for precisely this reason. But in light of all the evidence, the judge found Mr. Chaney's testimony regarding drug quantity to be credible. This is not the only evidence supporting the district judge's quantity determination. The judge noted that the testimony of Ms. McCray, Agent Demas, and Officer Menendez also supported that of Mr. Chaney. Recordings of telephone conversations corroborated this testimony and "set out some evidence that was extremely incriminating as to the extent and nature of th[e] conspiracy." Accordingly, we cannot find that the district judge's calculation of drug quantity was clearly erroneous.

IV.

Mr. White also contends that his sentence violates his sixth amendment rights pursuant to *United States v. Booker,* 125 S. Ct 738 (2005). Mr. White did not raise this issue in the district court, and therefore we will not remand for resentencing unless he demonstrates that the error affected his substantial rights. *United States v. Pirani*, No. 03-2871, 2005 WL 1039976, at *4 (8th Cir. Apr. 29, 2005) (en banc). He has failed to do so because we can discern no "reasonable probability based on the

appellate record as a whole, that but for the error he would have received a more favorable sentence." *Id.* at *6 (internal quotations omitted).

## V.

Accordingly, we affirm the judgment of the district court.

_____