# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4175

_____

United States of America,                 *
                                        *
        Appellee,             *
                                          *

        v.                    *   Appeal from the United States
                                        *   District Court for the
Arturo Mendoza-Mendoza, true name   *   District of Nebraska.
Sergio Mendoza-Chavez,             *
                                          *     [UNPUBLISHED]
        Appellant.           *

_____

Submitted:  March 20, 2006
Filed:  March 23, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Arturo Mendoza-Mendoza, true name Sergio Mendoza-Chavez (Mendoza-Chavez), pled guilty to conspiring to distribute and possess with intent to distribute 500 grams or more of methamphetamine mixture in Nebraska between January 1, 1997, and November 17, 2003, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1), and 846. Over Mendoza-Chavez's objection and in reliance on the government's evidence at sentencing, the district court[1] calculated a Category II

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

criminal history based on three points: one point for a disturbing-the-peace offense in California, for which Mendoza-Chavez received a sentence of 54 days in jail and 12 months probation in January 2003; and two points for committing the instant offense while on probation. The district court sentenced Mendoza-Chavez to 121 months' imprisonment and 5 years' supervised release. On appeal, Mendoza-Chavez's counsel moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), noting the district court's ruling on the criminal history objection.

We hold that the district court correctly determined Mendoza-Chavez committed the conspiracy offense while he was under a criminal justice sentence. <u>See</u> U.S.S.G. § 4A1.1(d); <u>United States v. Tolson</u>, 988 F.2d 1494, 1499-1501 (7th Cir. 1993) (finding defendant, who pled guilty to a conspiracy spanning specific dates, properly received criminal history points under § 4A1.1(d) for committing conspiracy while on probation); <u>cf.</u> <u>United States v. White</u>, 408 F.3d 399, 404 (8th Cir.) (ruling defendant admitted the dates alleged in the indictment when he pled guilty to the indictment without reserving the right to challenge the dates at sentencing), <u>cert denied</u>, 126 S. Ct. 674 (2005).

Having reviewed the record independently pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we conclude Mendoza-Chavez–who was, without objection, erroneously sentenced under a mandatory Guidelines scheme–cannot demonstrate plain error because the record does not establish the district court would have imposed a more favorable sentence under advisory Guidelines. <u>See</u> <u>United States v. Booker</u>, 543 U.S. 220, 233-37, 245, 258-59 (2005); <u>United States v. Pirani</u>, 406 F.3d 543, 550-53 (8th Cir.) (en banc), <u>cert. denied</u>, 126 S. Ct. 266 (2005). We further conclude, particularly in light of the quantity of methamphetamine involved, that Mendoza-Chavez's sentence at the bottom of the Guidelines range was not unreasonable. <u>See</u> <u>Booker</u>, 543 U.S. at 261-62; <u>United States v. Lincoln</u>, 413 F.3d 716, 717-18 (8th Cir.), <u>cert. denied</u>, 126 S. Ct. 840 (2005).

Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

_____